UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LACEY BILLIOT | CIVIL ACTION |
| VERSUS | NO. 19-12849 |
| LOUISIANA PARDON AND PAROLE MEMBERS, ET AL. | SECTION "F"(4) |

**REPORT AND RECOMMENDATION**

The *pro se* plaintiff, Lacey Billiot ("Billiot"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendants, Louisiana Pardon and Parole Members, Alvin Roche, Jr., Jim Wise, and Executive Director Francis Abbott.[1] The plaintiff alleges that the defendants improperly denied him parole in violation of his Eighth and Fourteenth Amendment rights.

Billiot also submitted an application to proceed *in forma pauperis*.[2] Because the Court recommends the transfer of this case, ruling on the pauper application is deferred to the receiving Court.

**I.   Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

---

[1] Rec. Doc. No. 6.

[2] Rec. Doc. No. 7.

action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

## II. Discussion

Broadly construed, Billiot's complaint erroneously asserts that venue is proper in the Eastern District of Louisiana because his underlying conviction was in Terrebonne Parish. That is not a proper reading or application of the venue provisions applicable in this case. It is not where his conviction occurred but where the events occurred leading to the alleged denial of his constitutional rights, i.e. the denial of his parole.

In that regard, Billiot claims that the denial of his parole arose out of the parole board office in Baton Rouge, Louisiana, and the named defendants are located in Baton Rouge, Louisiana. The City of Baton Rouge is in East Baton Rouge Parish which falls within the geographical boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b). Billiot does not allege that the defendants reside or are located within this district. Based on his complaint, the interest of justice dictates that venue is proper in the Middle District of Louisiana.

## III. Recommendation

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 18th day of November, 2019.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.